I concur, but with several reservations about the opinion of the Court of Criminal Appeals, Wilson v. State, 777 So.2d 856
(Ala.Crim.App. 1999), inasmuch as we are affirming the judgment of that Court. My reservations about the opinion of the Court of Criminal Appeals do not require that we reverse.
First, in part III, the opinion of the Court of Criminal Appeals appears to hold that, when the theory of the State is that a capital murder was especially heinous, atrocious, or cruel, an experienced police officer who has investigated many capital crimes may testify to his opinion that the alleged murder at issue was especially heinous, atrocious, or cruel. Such opinion testimony is not proper under our rules of evidence, which provide:
 "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."
Rule 702, Ala. R. Evid.
 "Testimony in the form of an opinion or inference otherwise admissible is to be excluded if it embraces an ultimate issue to be decided by the trier of fact."
Rule 704, Ala. R. Evid.
In adopting the statutory aggravating circumstance that "[t]he capital offense was especially heinous, atrocious or cruel compared to other capital offenses," § 13A-5-49(8), Ala. Code 1975, the Legislature implicitly found that every person is so charged with knowledge of this standard that his or her violating it is punishable by death. The courts cannot, consistently with this implicit finding, hold that jurors need expert assistance to apply this standard. The admission of the opinion testimony on this statutory aggravating circumstance was error, albeit harmless under the circumstances of this particular case.
Second, this Court should reject the dictum by the Court of Criminal Appeals, in part XII.A. of its opinion that, "[b]ased on the veniremember's responses, the trial court could have reasonably determined that J.B. was not biased against the appellant and could have, in its discretion, refused to excuse him for cause." 777 So.2d at 915. This dictum follows several pages of the voir dire examination of veniremember J.B. That examination proves, unequivocally, that veniremember J.B. was persistently unwilling or unable to accord the defendant the benefit of the presumption of innocence and the absence of a burden to prove his innocence. A refusal to excuse veniremember J.B. for cause would have been error. Apparently, however, the trial court did excuse veniremember J.B. for some reason and thereby avoided error.
Third and finally, in section XXI of its opinion,777 So.2d at 929, the Court of Criminal Appeals quotes Grice v. State,527 So.2d 784, 787 (Ala.Crim.App. 1988), with approval to the effect that, "[t]here is irony in a convicted murderer's contending on appeal that pictures of the corpse of his victim might have inflamed the jury. That risk `comes with the territory.'" This Court recently disapproved that rationale. Ex parte Samra, 771 So.2d 1122, 1122 n. 1 (Ala. 2000). This language commits the fallacy of begging the question. That is, it assumes the truth of the very proposition to be established. The purpose of an objection that photographs are prejudicial is to prevent the jury from unjustly convicting the defendant, who, at that point in the trial, has not yet been convicted and is presumed innocent. Under the law and the facts of this particular case, however, I agree with the conclusion of the Court of Criminal Appeals that these photographs were admissible. *Page 937